IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GILBERTO MENDEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-2034-L** |
| | § | |
| **KROGER TEXAS, L.P.**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff Gilberto Mendez's ("Plaintiff" or "Mendez") Motion for Leave to Designate an Expert, Motion to Abate Deadline to Respond to Defendant's Motion for Summary Judgment, and Motion for New Trial Setting (Doc. 18), filed August 28, 2015; Defendant Kroger Texas, L.P.'s ("Defendant") Response to Plaintiff's Motion for Leave to Designate an Expert and Motion for New Trial Setting, (Doc. 20), filed September 11, 2015; and Plaintiff's Reply Brief in Support of its Motion for Leave to Designate an Expert, Motion to Abate Deadline to Respond to Defendant's Motion for Summary Judgment, and Motion for New Trial Setting (Doc. 23), filed September 30, 2015. After careful consideration of the motions, the response and reply, the court **denies** Plaintiff's Motion for Leave to Designate an Expert; and **grants** Plaintiff's Motion to Abate Deadline to Respond to Defendant's Motion for Summary Judgment and Plaintiff's Motion for New Trial Setting.

**I.    Background**

Plaintiff filed this action on June 4, 2014, alleging he was injured by a swinging door while working at a Kroger store in Dallas, Texas. Plaintiff alleges that he was injured as a result of Defendant's breach of its duties to warn him of certain hazards and to provide necessary

equipment, training, or supervision. He asserts claims for premises liability and negligence based on nonfeasance. On September 10, 2014, the court entered a scheduling order that set May 5, 2015, as the deadline for the parties to designate expert witnesses. On June 12, 2015, the Texas Supreme Court answered a certified question from the United States Court of Appeals for the Fifth Circuit in *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015). The Texas Supreme Court's opinion clarified an issue of Texas premises liability law with respect to an employer's duty to an employee who is injured on the employer's premises.

On June 30, 205, the parties attempted to mediate this dispute, but were unable to reach a settlement. August 17, 2015, Defendant filed its Motion for Summary Judgment in accordance with the scheduling order. Defendant cites *Austin* in its Motion for Summary Judgment regarding Plaintiff's premises liability claims. In his Motion for Leave, Plaintiff acknowledged that his ability to prevail on his premises defect claim rested on the Texas Supreme Court's decision in *Austin*, as he was aware of the danger presented by the door that injured him. The court stated, "[A]n employer generally does not have a duty to warn or protect its employees from unreasonably dangerous premises condition that are open and obvious or known to the employee." *Austin*, 465 S.W.3d 198. Plaintiff is now concerned that he will need expert testimony to meet his burden of proof on the element of causation for his remaining nonfeasance claim.

Plaintiff requests leave to designate an expert, a new trial setting, and abatement of his deadline to respond to Defendant's Motion for Summary Judgment. Granting Plaintiff's request for leave at this juncture would require modification of the court's scheduling order because the May 5, 2015 deadline to designate an expert has long since passed.

## II.     Legal Standard

Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Id*. (internal quotation marks, brackets, and citations omitted).

## III.    Analysis

Plaintiff contends that his motion should be decided under Federal Rule of Civil Procedure 26(b)(2)(C) because Rule 16(b) applies only to pleadings. Plaintiff's contention is incorrect. Rule 16(b) applies to the modification of a scheduling order and is not limited to pleadings. After weighing the applicable factors, the court determines that Plaintiff has not established good cause to designate an expert several months after the deadline. Plaintiff does not address diligence, a factor the court considers highly apposite. The record reflect that Plaintiff has not been diligent. Plaintiff provides no explanation for failing to designate an expert for his nonfeasance claim prior to the original deadline. Plaintiff filed his Motion for Leave to Designate an Expert and Motion to Abate Deadline to Respond to Defendant's Motion for Summary Judgment, and Motion for New Trial Setting ("Motion for Leave") on August 28, 2015, more than two months after the Texas

Supreme Court's decision in *Austin*. While Plaintiff relies on the timing of the *Austin* opinion, that is of no consequence to this motion. Plaintiff seeks leave to designate an expert for his nonfeasance claim, a claim that has been pending since the inception of this action. *Austin* had no effect on that claim. Plaintiff contends that his ability to prevail on the premises defect theory turned on the Texas Supreme Court's decision. He also states that his premise defect claim would not have needed an expert witness. He does not address his nonfeasance claim, which is the claim for which he seeks to leave to designate an expert. Plaintiff fails to show that he exercised reasonable diligence in doing so prior to the *Austin* decision, or in the immediate aftermath.

The remaining factors also weigh against Plaintiff. He does not directly address the importance of designating an expert witness. In Texas, an expert witness is necessary when an issue involves matters beyond the jurors' common understanding. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). Plaintiff states that he simply seeks additional evidence for his nonfeasance claim but does not expound on the necessity or importance of an expert to explain causation to a jury. Further, Plaintiff's motion is not timely, and he makes no showing that the delay "was due to oversight, inadvertence, or excusable neglect." *See Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999). While the court could grant a continuance, such continuance would unnecessarily delay the trial in this action. Plaintiff's wait-and-see approach to the Texas Supreme Court's ruling with respect to one of his two claims does not constitute good cause or an appropriate reason to delay the trial and further proceedings. The court is not inclined to award Plaintiff for his dilatory conduct by granting leave and further delaying the resolution of this case. *See generally Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir.1997); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir.1992) (District courts have broad discretion to manage their dockets.).

## IV.     Conclusion

For the reasons herein stated, the court **denies in part and grants in part** Plaintiff's Motion for Leave to Designate an Expert, Motion to Abate Deadline to Respond to Defendant's Motion for Summary Judgment, and Motion for New Trial Setting.  Specifically, the court **grants** Plaintiff's Motion to Abate Deadline to Respond to Defendant's Motion for Summary Judgment and Plaintiff's Motion for New Trial Setting; and **denies** Plaintiff's Motion for Leave to Designate an Expert.  The court **directs** Plaintiff to respond to Defendant's Motion for Summary Judgment by **November 9, 2015**.  The court **vacates** the current trial setting and pretrial deadlines, and will issue an amended scheduling order.

**It is so ordered** this 26th day of October, 2015.

*[signature]*

Sam A. Lindsay
United States District Judge